# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SMITH MINING AND MATERIALS, LLC | ) | CASE NO. 06-30260 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| J. BRUCE MILLER, TRUSTEE | ) | AP NO. 08-3025 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONNIE FINT, SR. d/b/a FINT TRUCKING COMPANY | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter came before the Court on the Motion to Vacate Default Judgment filed by Defendant Donnie Fint d/b/a Fint Trucking Company ("Fint"). The Court considered Fint's Motion, the Objection to Defendant's Motion to Vacate Default Judgment filed by J. Bruce Miller, Trustee ("Trustee") for Smith Mining & Materials, LLC ("Debtor") and the comments of counsel for both parties held on the matter. For the following reasons, the Court **DENIES** Fint's Motion to Vacate Default Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2008, the Trustee initiated an adversary proceeding against Fint with the filing of a Complaint to Avoid and Recover Preferential Transfers.

On February 14, 2008, the Trustee issued Summons for service of process on Fint.

On February 20, 2008, the Trustee filed a Certificate of Service of Summons indicating that service of the Summons and a copy of the Complaint were made on February 19, 2008 by regular first-class United States mail, postage fully prepaid addressed to: Donnie Fint, Sr. d/b/a Fint Trucking, 704 World View Circle, Shepherdsville, KY 40165.

On March 25, 2008, Trustee filed a Motion for Default Judgment based on Fint's failure to timely respond to the Summons and Complaint.

On March 26, 2008, the Court entered the Trustee's proposed Order granting Motion for Default Judgment against Fint in the amount of $196,771.93.

On June 26, 2008, Trustee filed an Affidavit for Writ of Non-Wage Garnishment against Fint seeking enforcement of the Judgment.

On August 8, 2008, Garnishee Stock Yards Bank filed an Affidavit and Answer of Garnishee indicating it forwarded $33,748.37 from Fint's account to counsel for Trustee.

On June 22, 2009, Fint filed a Motion to Vacate the Default Judgment. Fint stated he did not receive the Summons and Complaint and that the only document he ever received was the initial Petition of Debtor in 2006. At that time, he was living at 704 Worldview Circle, Shepherdsville, KY 40165. Fint claims he left this residence in February 2008 due to marital discord. He also claims that his first notice of this adversary proceeding occurred when his Stock Yards Bank account was garnished.

On July 6, 2009, Trustee filed his Objection to Fint's Motion to Vacate Default Judgment. Trustee stated he was contacted by Fint's counsel on July 30, 2008 regarding the garnishment and possible resolution of the default judgment. No further contact occurred between Fint's counsel and counsel for Trustee after September 2008 when settlement negotiations ended unsuccessfully.

2

**LEGAL ANALYSIS**

Fint seeks to have the default judgment entered against it set aside claiming it had no actual or constructive notice of the adversary proceeding until it received a notice of the garnishment. Rule 7055(c) of the Federal Rules of Bankruptcy Procedure states that for good cause the court may set aside a judgment by default in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. It is undisputed that the Summons and copy of the Complaint were sent to Fint on February 19, 2008 at the address where he was served with the original copy of the Debtor's Petition in 2006. Fint continued to reside at this address until February of 2008 when he claims he left the marital residence due to marital discord. He claims that his former spouse did not send him all of his mail at his new address and that he did not receive notice of the adversary proceeding prior to issuance of the garnishment in August of 2008.

Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024, permits the court to relieve a party from final judgment in cases of mistake, inadvertence, surprise or excusable neglect. The facts and circumstances set forth by Fint do not equate to mistake, inadvertence or surprise. The Court must determine whether Fint's claim of failure to receive notice constitutes excusable neglect. The Court concludes under appropriate case law, it does not.

When making a determination as to whether relief from a Judgment is appropriate, the Court should consider the following three factors: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense. <u>Williams v. Meyer</u>, 346 F.3d 607, 613 (6th Cir. 2003). The party seeking to set aside the default judgment must first establish that the default did not result from

culpable conduct. Only if this is established, must the Court consider the other two factors. Weiss v. St. Paul Fire and Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002). A party's conduct is culpable if it shows an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on the proceedings. Williams, 346 F.3d at 613.

Whether neglect is excusable is an equitable issue taking into account all relevant circumstances surrounding the party's omission, including the danger of prejudice to the opposing party and its potential impact on judicial proceedings, the reason for the delay, including whether it is within the reasonable control of the movant and whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993). The record in this case demonstrates that the Summons and Complaint were sent to Defendant's mailing address as provided by the Safety and Fitness Electronic Records Systems. This was Fint's last known address and where he had been served with a copy of the Debtor's Petition. The Summons was not returned as incorrectly delivered nor did Fint respond to a follow-up letter sent by counsel for the Trustee on January 16, 2008.

There is a presumption that service was received by the addressee and complete upon mailing. In re Hardy, 187 B.R. 604, 607 (Bankr. E.D. Tenn. 1995), citing Bratton v. Yoder Co., 758 F.2d 1114, 1118 (6th Cir. 1985). "To allow a simple denial of receipt, standing alone, to rebut the presumption would be to destroy the presumption entirely." See, In re Patterson, 330 B.R. 631, 638 (Bankr. E.D. Tenn. 2005), quoting, In re O'Bryan, 246 B.R. 271, 277 (Bankr. W.D. Ky. 1999). Fint's claim that he did not receive notice of the adversary proceeding is not sufficient to overcome the presumption that it was received. There was no return of service, and Fint admitted that there

was marital discord and that he did not often receive all of his mail from his spouse. It was incumbent upon him to diligently pursue whether he was receiving all of his mail.

The record before the Court does not demonstrate excusable neglect, but rather reckless disregard on the part of Fint. Fint contends it has a meritorious defense and that the Court should set aside the default judgment. The Court need not consider this because Fint did not meet its initial burden of establishing excusable neglect. Weiss v. St. Paul Fire and Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002). While this Court acknowledges the preference for deciding matters on the merits, it believes equally in the "important policy in favor of preserving the finality of judgments, even if they are rendered by default." In re Bradbury, 310 B.R. 313, 320 (Bankr. N.D. Ohio 2003).

Rule 60(c) of the Federal Rules of Civil Procedure provides that a motion to set aside a judgment must be made within a reasonable time and for the reasons sought here, "no more than a year after the entry of the judgment . . ." Here, the motion to vacate the default judgment was filed more than a year after entry of the default judgment. Also, no explanation is provided as to why Fint took no action to set aside the judgment until nearly a year after his account at Stock Yards Bank was garnished. Fint clearly had notice of the action at that time and, in fact, his counsel had discussions with Trustee's counsel regarding the judgment and the possibility of satisfying and resolving the judgment. Such actions cannot amount to excusable neglect. Trustee followed all of the rules on service and Fint failed to establish sufficient reasons for setting aside the default judgment.

## **CONCLUSION**

For all of the above reasons, the Motion to Vacate Default Judgment of Defendant Donny Fint d/b/a Fint Trucking Company is **DENIED**. An Order accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SMITH MINING AND MATERIALS, LLC | ) | CASE NO. 06-30260 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| J. BRUCE MILLER, TRUSTEE | ) | AP NO. 08-3025 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONNIE FINT, SR. d/b/a FINT | ) | |
| TRUCKING COMPANY | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Vacate Default Judgment filed by Defendant Donnie Fint d/b/a Fint Trucking Company, be and hereby is, **DENIED**.